Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows: Not to advert to the inaccurate description in the bill of the instruments on which the defendants were, in fact, chargeable, and to the several objections that arise thereon, there are other substantial difficulties which prevent a decree for the plaintiff. As the bill leaves it uncertain whether the first securities were bonds or notes, we are obliged to take it most strongly against the plaintiff, upon whom it laid to remove the doubt. Now, it is clear at law, that the acceptance of a negotiable instrument expressly in payment of a simple contract debt, does amount to satisfaction, and may be so pleaded. If, then, the securities were notes, the plaintiff has no debt in law; and consequently, has nothing for which he can ask a decree in equity.
 

 But, supposing the securities to have been bonds, still the plaintiff is not entitled to any relief on them here. It is- true, that at common law, one bond is not a satisfaction of another; both being instruments of the same dignity. If it be admitted that the law remains the same, although bonds are now negotiable, yet in this case, the plaintiff can derive no benefit from that rule of law. The rule itself is
 
 strictissimi
 
 juris, and founded upon reasons purely technical, which have no relation to the principles of equity. In this Court, the agree
 
 *88
 
 ments of parties are respected, without regard to their being under seal or not; and there cannot be a decree upon a form
 

 er instrument, directly in opposition to a subsequent agreement made upon a iust consideration. If this plaintiff can maintain actions at law upon those instruments, as lost bonds, let him do so. For the present, at least, we have nothing to say against it. But when he seeks to change the forum, and to get a decree in this Court for his debt, upon the ground that he cannot recover it at law, he cannot have the relief, if it be in the teeth of an agreement so reasonable and plain as is established in this case. What more could a creditor ask, when he has lost his security, than that the debtor should give another, and thus save him from the difficulty and expense of proving the loss and contents of the instrument at law, or the delay and expense of resorting to a Court of Equity? If the debtor comply with such a request of the creditor, it is obviously an adequate consideration for an agreement, on the part of the creditor, not to enforce the first security, and to rely solely on the second.
 

 By discharging the principal debtor, Moses Kidd, the surety is also discharged in the View of this Court. The plaintiff cannot have a decree against either of the defendants; but his bill must be dismissed with costs.
 

 Per Curiam. Bill dismissed.